423 So.2d 638 (1982)
Ronald C. MILLER, Appellant,
v.
Cheryl L. MILLER, Appellee.
No. 82-2.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
*639 James A. Weck of Weck & Weck, Fort Lauderdale, for appellant.
Steve Gomberg of Lubin & Hamill, West Palm Beach, for appellee.
HURLEY, Judge.
The amended final judgment of dissolution in this case, among other things, awarded the former wife fifteen thousand dollars as lump sum alimony. The same judgment, however, candidly acknowledged that a critical problem in the case "is the lack of immediate and ready dollars... ." Since the latter determination is amply supported by the record, the award of lump sum alimony cannot be sustained. "A judge may award lump sum alimony to ensure an equitable distribution of property acquired during the marriage, provided the evidence reflects (1) a justification for such lump sum payment and (2) financial ability of the other spouse to make such payment without substantially endangering his or her economic status." Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). Here, the former husband totally lacks the ability to comply with the court's award. Consequently, it must be reversed. But, since the lump sum award is part of an integrated effort to assist the former wife, we remand the cause with sufficient authority so that the trial court may "exercise broad discretion to modify the related matters within his original plan for division and support as may be necessary in order to do equity and justice between the parties... ." Eagan v. Eagan, 392 So.2d 988, 990 (Fla. 5th DCA 1981).
Next, we address the limitations which the trial court placed on the use of the marital residence. Prior to the final hearing, the parties agreed that the husband would have custody of the minor child. Counsel for the wife also indicated to the court that "we are not contesting the use to the exclusive right of the home. Mrs. Miller wants her daughter to have the continuance of living in the house." Accordingly, the amended final judgment awarded custody of the minor child to the father and permitted both to live in the marital home "as long as [the father] is unmarried and has no sleep-over or live-in girl friends." Because restrictions of this nature impact upon the private life of the custodial parent, *640 they will be sustained only if the record contains competent substantial evidence to demonstrate that they are required to safeguard the best interests of the child. Trylko v. Trylko, 392 So.2d 1034 (Fla. 2d DCA), appeal dismissed, 399 So.2d 1147 (Fla. 1981); Hackley v. Hackley, 380 So.2d 446 (Fla. 4th DCA 1979); see also Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). Here, the record is devoid of any supporting evidence. Accordingly, the restrictions are quashed without prejudice to reconsideration on remand.
Finally, we consider the issue of attorney's fees. Perhaps through a misunderstanding, attorney's fees were awarded to the wife without a hearing and without a stipulation that affidavits could be used in place of a hearing. The record does not indicate a waiver by the husband and, thus, the award of attorney's fees must be reversed. However, the court may reconsider the matter on remand. Kalman v. Kalman, 393 So.2d 641 (Fla. 4th DCA 1981).
REVERSED and REMANDED.
DELL, J., and GEIGER, DWIGHT L., Associate Judge, concur.