DELL, Judge.
Dudley D. Horn, II appeals from a final judgment of dissolution which awarded ap-pellee a special equity in the marital home and in certain stock owned by him individually.
The parties were married for nineteen years and have two minor children. The joint assets of the parties include the marital domicile and certain income producing real property. The assets in appellant’s sole name include fifty percent of the stock in Collier City Homes, Inc., and a one-half interest in Hornoco Oil Partnership.
The court granted appellee exclusive possession of the marital home until the youngest child becomes an adult, and required appellant to pay the monthly mortgage payments, taxes and insurance until the home is sold. The court provided that upon sale of the home, appellant shall only receive credit for the amount by which he reduced the principal sum owed on the mortgage. The court provided for appellee to receive from the proceeds a special equity in the amount of $10,000 as a result of her contribution to the improvement of the marital home from an inheritance (funds wholly unconnected with the marital relationship) and an additional special equity in the amount of $30,000 as a result of appellant’s investment of joint assets in Hornoco Oil Partnership without appellee’s permission. The court further awarded appellee a special equity in one-third of appellant’s solely owned stock in Collier City Homes, Inc., and ordered appellant to pay the sum totalling $127,300 as “lump sum alimony.”
Appellant contends that the record fails to demonstrate sufficient evidence to support the trial court’s award of special equities to appellee in the amount of $30,000 and $127,300. Appellant also contends that he should receive credit for interest, taxes, insurance and any other payments related to the marital domicile which he pays on behalf of the appellee.
As stated in Duncan v. Duncan, 379 So.2d 949, 952 (Fla.1980)
In its true sense, a “special equity” is a vested interest which a spouse acquires because of contributions of funds, property, or services made over and above the performance of normal marital duties. Eakin v. Eakin, 99 So.2d 854 (Fla.1958). See, e.g., Ball v. Ball, 335 So.2d 5 (Fla.1976) (property acquired with inherited funds of one spouse); Merrill v. Merrill, 357 So.2d 792 (Fla. 1st DCA 1978) (one spouse entered the marriage with possession of realty and personalty); and Green v. Green, 228 So.2d 112 (Fla. 3d DCA 1969) (one spouse contributed special labor toward accumulation of the other spouse’s wealth). A special equity in property held as tenants by the entirety will not arise when the property is acquired from funds generated by a working spouse while the other spouse performed normal household and child-rearing responsibilities.
The court’s award to appellee of a $10,000 special equity in the marital home for the contribution of her $10,000 inheritance for improvements to the marital home meets the criteria set forth in Duncan. However, we find that the record fails to support the trial court’s award of $30,000 as a special equity because of the appellant’s investment in the Hornoco Oil Partnership without appellee’s permission. The assets utilized to purchase the appellant’s interest in Hornoco Oil Partnership came from assets acquired during the course of the marriage. Appellee has failed to cite any case which would provide a special equity under these circumstances. Therefore, the trial court’s award of this special equity must be reversed.
*719 The trial court labeled the award to appellee of a one-third interest in appellant’s solely owned stock in Collier City Homes, Inc. as a special equity but went on to direct appellant to pay said sum as “lump sum alimony.” Although the evidence does not support the trial court’s finding that appellee has a special equity in this asset, the evidence does support an award of lump sum alimony to accomplish an equitable distribution of the property acquired by the parties during their marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Therefore we affirm this award.
Lastly, we conclude that the trial court erred when it failed to provide that appellant should receive a credit against the proceeds derived from the sale of the marital home for one-half of the payments made towards the mortgage, taxes and insurance on the marital domicile. We disagree with appellant’s contention that he should receive credit for the full amount paid. See Guthrie v. Guthrie, 315 So.2d 498 (Fla. 4th DCA 1975) and Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976).
Therefore, as to the trial court’s award of special equities to appellee in the marital home, we affirm the award of $10,000 but reverse the special equity award in the amount of $30,000. We remand this cause with directions to the trial court to amend the final judgment to provide for appellant to receive a credit against the proceeds derived from the sale of the marital home for payments of the mortgage, taxes and insurances made by him in excess of his one-half interest. We affirm the award of $127,300 to appellee as lump sum alimony. We affirm the final judgment in all other respects.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
BERANEK and WALDEN, JJ., concur.