460 So.2d 576 (1984)
Peter IODICE, Jr., Appellant,
v.
Loretta SCOVILLE, f/k/a Loretta Iodice, Appellee.
No. 84-188.
District Court of Appeal of Florida, Fourth District.
December 19, 1984.
*577 Lawrence M. Kopelman, Fort Lauderdale, for appellant.
No appearance for appellee.
DOWNEY, Judge.
Appellant seeks reversal of a judgment entered in a partition proceeding in which the trial court failed to award appellant one-half of the interest payments he made on the mortgage during his occupancy of the premises and certain sums he claimed for maintenance and repairs.
In the final judgment dissolving the marriage between the parties appellant was awarded custody of the parties' three children and possession of the jointly owned marital domicile. When the last child reached majority, appellee sued to partition the property. Appellant counterclaimed for a set-off or reimbursement for principal and interest payments on the mortgage and for maintenance, repairs, and improvements made during his occupancy with the children. The trial judge refused to award appellant any credit for the interest portion of the mortgage payments and did not award a full one-half of the claimed expenditures for maintenance, repairs and improvements.
The court properly found the appellant husband entitled to reimbursement for one-half of the principal payments that he made on the mortgage. 12 Fla.Jur.2d, Cotenancy and Partition, § 65. We find nothing in the record to justify denying him reimbursement of the interest payments. On the other hand, the circuit court properly did not allow the appellee the rental value of the property during appellant's use and occupancy thereof, because appellant's occupancy was for the benefit of the children and pursuant to court order. Power v. Power, 387 So.2d 546 (Fla. 5th DCA 1980).
The mere fact that appellant claims expenditures for maintenance, repairs and improvements does not ipso facto entitle him to an award therefor. The trial judge exercises discretion in granting or denying them depending upon the circumstances surrounding the expenditures such as need, reasonableness, and other similar factors. On this record, appellant has not demonstrated reversible error in this respect.
Accordingly, the judgment appealed from is affirmed in all respects except that, on remand, the judgment should be modified *578 to award appellant one-half of the mortgage interest that he paid during the period of his occupancy with his minor children.
AFFIRMED IN PART; REVERSED IN PART, and remanded for modification.
LETTS and WALDEN, JJ., concur.