ON REHEARING
PER CURIAM.
We grant rehearing and withdraw the opinion filed in this case on November 13, 1985 and simultaneously issue the following opinion in its place.
The trial court awarded Kitty W. Edison exclusive possession of the marital residence and an adjoining lot until the parties’ child attains the age of eighteen years or until appellant remarries or dies or is no longer primary residential custodial parent. The final judgment also required her to pay the mortgage, taxes and insurance without credit therefor at the time of *40 sale. In Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976), the trial court awarded the wife exclusive possession of the marital domicile and ordered her to pay all the expenses. The court however refused to give her credit upon partition of the property for the husband’s proportionate share of the mortgage, taxes, insurance and maintenance on the home during her possession thereof. In Whiteley, we said:
Generally, if one co-tenant pays an obligation for which all are liable, he is entitled to have the other co-tenant pay his proportionate share. 8 Fla.Jur., Co-tenancy, § 12. But where the final judgment of dissolution awards one co-tenant the exclusive possession of the marital domicile and directs that co-tenant to pay all or some of the obligations of the property such as taxes, liens and repairs, the right of the co-tenant in possession to reimbursement from the other co-tenant is postponed until such time as the property is partitioned or otherwise sold. However, upon partition or other sale the tenant paying those obligations of the property is entitled to credit from the proceeds of the sale for the other co-tenant’s proportionate share of those expenses.

We thus conclude that it was error for the trial court to provide that upon partition of the property, appellant should have no right to reimbursement for the husband’s proportionate share of the obligations of the property in question.
Id. at 353.
Therefore we reverse that part of the final judgment which requires the wife to pay the mortgage, taxes and insurance on the home, but denies her credit for these expenditures at the time of the sale. We direct the trial court to modify its final judgment to provide for her to receive credit for the husband’s proportionate share of those expenses at the time of sale or disposition of the marital home.
We also hold that the periodic alimony provision of the final judgment is modifiable pursuant to chapter 61.14, Florida Statutes (1983). The final judgment is otherwise affirmed in all respects.
REVERSED IN PART; AFFIRMED IN PART and REMANDED.
ANSTEAD, DELL and WALDEN, JJ„ concur.