PER CURIAM.
While we basically affirm the final judgment of the now retired trial judge, we are compelled to clarify some aspects of same, which either are the result of ministerial error or which require action on this court’s part to eliminate as much uncertainty as we can.
The marital home is to be within the exclusive possession of the wife and mother to provide shelter for her and for the children until the younger child, not the older child, is no longer an obligation of the parents. Should a man, other than the husband and father, enter into joint possession of the home under such circumstances as (a) to affect adversely the welfare of the children or (b) to substantially and materially take advantage of the benefits of the husband and father’s payments, without contribution which said individual is capable of making or (c) to substantially and materially contribute to the support of the wife, the trial court should consider termination of exclusive possession upon appropriate motion.
In our view, the way that the final judgment is written, should an infirm father or other male relative of the wife and mother — incapable of contributing to the home — move therein, the children and the wife would forfeit their present shelter automatically. Moreover, thereafter the wife would be responsible for mortgage payments. Both would be inappropriate results of the final judgment.
Further, it is clear to us that upon the termination of the wife’s possession or the sale of the marital home, the husband is entitled to no credit for any payments made upon the encumbrances or other debts related to the property. The husband is the sole and exclusive obligor — as between himself and the wife — upon the obligations requiring monthly payments of $302.00 and $218.00 described in paragraph 11 of the final judgment. It is only the $672.00 payment upon which the wife could have any future obligation. That obligation will begin — as between herself and the husband — only if and when her exclusive possession terminates; and will, in no respect, be retroactive therefrom.
While we could not locate any case directly on point, we call to the attention of bench and bar those which we have located, dealing with problems of the moving in of an adult male. See Sency v. Sency, 478 So.2d 432 (Fla. 4th DCA 1985) (unrelated male). Schneider v. Schneider, 467 So.2d 465 (Fla. 5th DCA 1985) (boyfriend; alimony); Lambert v. Lambert, 403 So.2d 484 (Fla. 1st DCA 1981) (remarriage of wife); and Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986) (remarriage of wife; alimony v. child support); Kenyon v. Kenyon, 496 So.2d 839 (Fla. 2d DCA 1986) (sufficiency of evidence to establish permanency of relationship between wife and nonre-lated adult male).
ANSTEAD and GLICKSTEIN, JJ., and WARNER, MARTHA C., Associate Judge, concur.