PER CURIAM.
This is an appeal by the wife and a cross appeal by the husband. We conclude that each is entitled to some relief, in part; and while we affirm much of the final judgment, we also remand with direction to amend the final judgment of dissolution in some respects.
The marriage terminated after thirteen years during about half of which the wife worked as a bartender. The husband has an interest in more than one small business and, having no confidence in banks, kept all of his money hidden in different places at home, in his place of business or in his car. He has successfully engaged in gambling during the marriage and he never explained to the satisfaction of the trial court all of the sources of the $200,000 expended by the couple over a seven year period.
The wife’s two teenage children had been adopted by the husband and the parties had another child, now five. They are the primary beneficiaries of the final judgment, and will continue to be so by the amendments we require. We say that because (a) the wife has exclusive possession of the home until all of the children are eighteen. As the judgment is to be amended upon remand, this exclusive possession would also terminate upon the wife’s remarriage or upon the home also becoming the permanent residence of an adult male under such circumstances as (1) to affect adversely the welfare of the children or (2) to substantially and materially take advantage of the benefits of the husband and father’s payments, without contribution which said individual is capable of making or (3) to substantially and materially contribute to the support of the wife. Dahlhofer v. Dahlhofer, 495 So.2d 858 (Fla. 4th DCA 1986); (b) the children — by the amendment we direct — shall be the beneficiaries of the husband’s $100,000 life insurance policy and (c) the husband shall make all payments on any encumbrance upon the marital home, as well as taxes and insurance, and all reasonable expenses for repair in excess of $300, the emphasized word to be added on remand, so long as the wife has exclusive possession. There was no error in not providing for the husband to receive any credit for any sum paid by him in connection with the marital home upon its ultimate sale.
The wife did not fare as well as the children, but she is in good health and able to work. The husband had given her a 1985 Lincoln automobile when they separated. Worth about $23,000, it was not identified as lump sum alimony or anything else in the final judgment. It was just awarded to her. Her only award of alimony was that of the husband’s interest in the marital furniture as lump sum alimony. That interest was worth $25,000, its total appraised value being $50,000. Given the unexplained sources of the husband’s funds, we direct the trial court, on remand, to award the wife as additional alimony the sum of $1.00, as a token of periodic alimony, and to retain jurisdiction to consider additional periodic alimony in the future, permanent or rehabilitative, should it subsequently be determined that the financial ability of the husband is different than as represented by him to the trial court, or should the wife’s future need for either be established. We wish the courthouse door to be open to her for relief rather than to close it permanently now — given the unexplained aspects of this case — with resulting injustice in the future against which she might be without resources. There was no error in awarding her $5,000 for her attorney’s fees.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.