501 So.2d 1361 (1987)
Linda A. DANOFF, Appellant,
v.
Burton H. DANOFF, et al., Appellees.
Burton H. Danoff, Appellant/Cross Appellee,
v.
Linda A. Danoff, et al., Appellees/Cross Appellants.
Nos. 85-2158, 85-2542.
District Court of Appeal of Florida, Fourth District.
January 28, 1987.
Rehearing Denied February 24, 1987.
*1362 Jesse S. Faerber of Fenster & Faerber, Plantation, and Jane Kreusler-Walsh of Klein & Beranek, P.A., West Palm Beach, for Linda A. Danoff.
Ralph O. Anderson and Mark Hicks of Daniels and Hicks, Miami, for Burton H. Danoff.
GUNTHER, Judge.
Linda A. Danoff, the wife, and Burton H. Danoff, the husband, timely appeal the final judgment of dissolution determining alimony, child support, and property distribution. We affirm in part; reverse in part, and remand.
Husband and wife were married in 1978 and had two children. When they married, husband was in his residency at Jackson Memorial Hospital as an OB/GYN physician. The wife had her Bachelor of Arts degree and was working in the radiology department of Broward General Medical Center. Shortly after the marriage, the wife went to work for the husband's brother, a dermatologist, as an office administrator earning $200 a week plus bonuses. Upon the birth of her first child in December 1979, the wife stopped working and devoted her time to being a mother and homemaker. In 1984, the wife took a real estate course but has not taken the state exam.
In the year preceding the separation, the parties spent $11,000-$12,000 a month on living expenses. A monthly expense of $8,208 is claimed by the wife for her and the two boys. The husband claims expenses of $10,507 a month to support himself.
Both the boys are enrolled in private school but the husband wants the children to attend public school. The marital home is a three bedroom pool home in East Emerald Hills worth $172,500, which has $68,500 in equity.
Both parties presented expert testimony regarding the value of the husband's interest in his professional association. The wife's expert used a cash basis approach and evaluated the husband's one-half interest at $600,000. The husband's expert used a book value approach and evaluated the husband's interest as $85,500-$90,000, but attached a disclaimer letter that admitted the omittance of substantial disclosures.
On July 15, 1984, the husband left the wife for another woman, his medical assistant, but claims that he did not leave because of the other woman but rather because of several serious long-standing *1363 problems, including the wife's attempt to isolate him from his children, their lack of communication, and the inability of the wife to live within his financial means. However, evidence shows that the husband's admitted affair dated back several years, and that he had been bringing the woman into his home and on family trips for years. The wife contends that her husband's pre-separation affair caused the destruction of the marriage.
An expert in vocational rehabilitation testified at trial that the wife is readily employable but had told him she did not want to find employment because she wished to stay at home with the children.
The trial court awarded the wife primary child custody and support of $600/month/child ($1200/month total), plus the exclusive use of the marital home with the husband responsible for the mortgage, taxes, insurance, condo maintenance, and major repairs (at $1800/month total), for which he was entitled to a credit of that portion of the mortgage that reduced the principal on the mortgage balance. The husband was required to continue life, medical, and hospitalization insurance for the children, with the parties equally sharing medical and dental expenses not covered and sharing private school tuition. The wife was awarded $2000/month rehabilitative alimony for two years and her 1981 Maxima. By operation of law each party received a one-half interest in the marital home. The trial court permitted the husband to retain all his separately owned assets. These include: 1) his medical practice valued by the wife's expert at $600,000, and by the husband's expert at $85,500-90,000, which had cash on hand of over $100,000; 2) his pension plan amounting to $61,500; 3) his limited partnership interest purchased as a tax shelter valued at $3,226; 4) his new townhouse worth $190,000, with a $140,000 mortgage; 5) his equity in a life insurance policy worth $3,500; and 6) his IRA valued at $10,273. Subsequently, the court awarded the wife $30,000 in attorney's fees, $5,578.05 in costs and $11,736.10 in expert witness fees, allotting husband a $9,500 credit ($37,814.15 balance).
The wife raises the following four points on appeal, 1) that the trial court erred by failing to award the wife lump sum alimony or equitable distribution where all the assets were accumulated during the marriage, 2) that the trial court erred in awarding an inadequate amount of rehabilitative alimony instead of permanent alimony, 3) that the trial court erred in permitting the husband full credit for the amount of his mortgage payments reducing the principal, and 4) that the trial court erred in conditioning the wife's exclusive occupancy of the marital home upon her not permitting any unrelated male over 18 to live-in or stay there. On his consolidated appeal, the husband claims that the trial court erred in granting the wife attorney's fees, costs, and other expenses in the amount of $37,814.15.
As to point I on appeal, we agree with the wife's contention that the final judgment shortchanged her. An equitable distribution does not require an "equal" distribution, and applies only to assets acquired during the marriage. Tronconi v. Tronconi, 425 So.2d 547, 549 (Fla. 4th DCA 1982), approved, 466 So.2d 203 (Fla. 1985). Nevertheless, in effectuating an equitable distribution of assets in a marriage distribution proceeding, a trial court may consider the standard of living established during the marriage, duration of marriage, age and physical and emotional condition of parties, financial resources of each party, time necessary for a party to acquire sufficient education to enable that party to find appropriate employment, contribution of each party to the marriage, and any other factor necessary to do equity and justice between the parties. Tronconi, 425 So.2d at 550; Section 61.08(2)(a-f), Florida Statutes.
In the instant case, it does not appear that the court considered the above factors or even made any equitable distribution of the marital assets. Nor did the court make any findings to justify the lack of such provision. See Van Boven v. Van Boven, 453 So.2d 937 (Fla. 4th DCA 1984).
*1364 In Van Boven v. Van Boven, supra, this court remanded the matter to the trial court, holding that the wife was entitled to some distribution of the marital assets held in the husband's name since those assets were accumulated during the marriage and the wife was without assets at the time of the distribution. 453 So.2d 937. The appellate court declined to make any assessment as to what distribution, if any, should take place, but instead remanded the cause with directions to the trial court to make some equitable distribution of the assets accumulated during the marriage. Id.
Similarly, in Smith v. Smith, 487 So.2d 339 (Fla. 4th DCA 1986), rev. denied, 496 So.2d 143 (Fla. 1986), this court reversed and remanded for the trial court to consider equitable distribution of assets acquired during the marriage of a successful surgeon and an unemployed wife and mother where the husband had contributed to a pension plan in the amount of $175,000 during the marriage but the trial court ignored the wife's request for equitable distribution. Id.
In the instant case, we reverse and remand to the trial court for consideration of equitable distribution of the marital assets because there was no provision in the final judgment for equitable distribution of the marital assets nor any findings justifying the lack of such an award.
As to point II on appeal, the trial court did not abuse its discretion in awarding rehabilitative alimony rather than permanent and, thus, we affirm the trial court on this issue.
As to point III, the trial court is reversed and the cause remanded with directions to amend the final judgment to provide that the husband receive credit for his share (one-half) of all reasonable expenses associated with the marital home. Where a final judgment of dissolution of marriage awards one cotenant the exclusive possession of the marital domicile and directs the other cotenant to pay all of the obligations of the property, such as taxes, liens, and repairs, the paying cotenant has the right to reimbursement from the other cotenant for his half upon the eventual sale of the property. Gudinas v. Gudinas, 471 So.2d 210 (Fla. 1st DCA 1985); Iodice v. Scoville, 460 So.2d 576 (Fla. 4th DCA 1984); Horn v. Horn, 445 So.2d 717 (Fla. 4th DCA 1984); Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976). The wife correctly argues that the trial court erred in providing full credit to husband, rather than credit for one-half his payments, upon sale. The husband correctly argues that the trial court erred in giving him credit for only such payments of his which are applied to the reduction of the principal mortgage balance. Actually, the husband is entitled to a credit against one-half of all payments including principal, interest, insurance, taxes, maintenance, and repairs. Edison v. Edison, 489 So.2d 39 (Fla. 4th DCA 1986); Iodice v. Scoville, supra.
As to point IV, the trial court erred in conditioning wife's exclusive occupancy of the marital home upon her not permitting any unrelated male over 18 years to live-in or stay there. See Greer v. Greer, 438 So.2d 535 (Fla. 2d DCA 1983). Restrictions of this nature are sustainable only if the record contains competent, substantial evidence that such restrictions are necessary to safeguard the children's interests. Miller v. Miller, 423 So.2d 638 (Fla. 4th DCA 1982); Hackley v. Hackley, 380 So.2d 446 (Fla. 5th DCA 1979). Since the record in the instant case is devoid of any supporting evidence, the live-in restriction shall be stricken on remand.
On the husband's consolidated appeal, we affirm the award of attorney's fees and costs to the wife.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED.
DELL and WALDEN, JJ., concur.