NIMMONS, Judge,
specially concurring.
If we were writing on a clean slate, I would have difficulty with that portion of the Court’s opinion which orders stricken the provision terminating the wife's exclusive use and benefit of the parties’ marital home if she “cohabits with an unrelated male” on the premises. However, in view of the consistency of expressions on the subject emanating from our appellate courts,[1] I concur with the court’s opinion. *739 But on remand, I would expressly permit the trial court, should it elect to do so, to amend the final judgment by including a provision of the kind approved by the Fourth District in Aycock v. Aycock, 498 So.2d 999 (Fla. 4th DCA 1986):
[Exclusive possession [will] also terminate upon the wife’s remarriage or upon the home also becoming the permanent residence of an adult male under such circumstances as (1) to affect adversely the welfare of the children or (2) to substantially and materially take advantage of the benefits of the husband and father’s payments, without contribution which said individual is capable of making or (3) to substantially and materially contribute to the support of the wife.
Id. at 1000. See also Dahlhofer v. Dahlhofer, 495 So.2d 858 (Fla. 4th DCA 1986).

. See Martin v. Martin, 507 So.2d 1136 (Fla. 3rd DCA 1987); Miller v. Miller, 423 So.2d 638 (Fla. 4th DCA 1982); Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA 1987); Nichols v. Nichols, 491 So.2d 617 (Fla. 1st DCA 1986); Howard v. Howard, 467 So.2d 768 (Fla. 1st DCA 1985); and *739 Greer v. Greer, 438 So.2d 535 (Fla. 2nd DCA 1983).