DELL, Judge.
Burton Danoff appeals from orders of the trial court entered following this court’s remand in Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA 1987). In Danoff I, this court, among other things, affirmed the trial court’s award of rehabilitative alimony and the trial court’s retention of jurisdiction to reconsider appellee’s need for further rehabilitative alimony and entitlement to permanent alimony. This court reversed the distribution of the marital assets and remanded this matter:
for consideration of equitable distribution of the marital assets because there was no provision in the final judgment for equitable distribution of the marital assets nor any findings justifying the lack of such an award. Id. at 1364.
Danoff I also reversed that part of the final judgment which failed to provide that the husband would receive a credit for his payment of one-half of all reasonable expenses associated with the marital home. The remaining issues decided in Danoff I are not subject to this appeal.
In the original final judgment, the trial court awarded appellee $2,000 per month as rehabilitative alimony for a period of two years. Appellant now challenges an order entered after remand on appel-lee’s “motion to continue rehabilitative alimony and/or convert to permanent alimony.” The trial court denied appellee’s motion to continue rehabilitative alimony but ordered
Linda A. Danoff is earning $1,040.00 per month. She also has the benefit of the exclusive use of the marital premises, together with the two minor children over which she exercises primary residential care. One-third, approximately $600.00 per month, of the cost and expense of the marital home, that is one-third of the mortgage payments, taxes, condo maintenance, insurance and major repairs, shall be considered as periodic alimony and Burton H. Danoff shall continue to pay such costs and expenses on the marital residence. Additionally, the Court finds that Burton Danoff, as of August 1, 1987, shall pay to Linda A. Danoff, as periodic alimony, the monthly sum of $1,200.00 per month, until she remarries or until the youngest child becomes 18 years of age, whichever event shall first occur.
We find no abuse of discretion in the trial court’s award of $1,200 per month periodic alimony which we construe as permanent periodic alimony. However, we hold that the trial court 'abused its discretion and erred when it provided that the periodic alimony would terminate when the youngest child becomes eighteen years of age. We also hold that the trial court erred when it designated one-third of the monthly expenses ($600 per month) as periodic alimony. This provision conflicts with the mandate in Danoff I in which we directed the trial court to provide that appellant would receive credit for his payment of *1286 one-half of all reasonable expenses associated with the marital home.
On cross appeal, appellee contends that the trial court abused its discretion by awarding an inadequate amount of permanent alimony, by failing to award her lump-sum alimony or by failing to make an equitable distribution of the assets accumulated during the marriage and by failing to award her attorney’s fees. We affirm the amount awarded as permanent periodic alimony. We also reluctantly affirm the trial court’s order regarding distribution of marital assets entered after consideration of our mandate in Danoff I. While the order does not alter the previous distribution, it sets forth findings which demonstrate consideration of those factors omitted in the original final judgment. Appellee contends that the trial court’s award of permanent alimony should be affirmed in order to balance the inequities arising from the distribution of the marital assets. We agree and we also find merit in this argument as it pertains to distribution of the marital assets. See Walter v. Walter, 464 So.2d 538 (Fla.1985).
The record supports appellee Linda Da-noff’s claim for attorney’s fees incurred in this appeal and in the proceedings before the trial court.
Accordingly, we affirm the trial court’s order awarding Linda Danoff $1,200 per month permanent periodic alimony. We reverse that part of the order which apportioned $600 per month of the marital home expenses as periodic alimony. We direct the trial court to reinstate the provision in the final judgment which required appellant to pay the monthly mortgage payments, taxes, condominium maintenance, insurance, major repairs to the marital premises and to provide that appellant shall receive credit for his payment of (one-half) of the expenses associated with the marital home. We affirm the trial court’s order on remand as to the distribution of the marital assets. We hold that appellee is entitled to recover reasonable attorney’s fees incurred in this appeal and in the proceedings before the trial court and we remand this cause to the trial court with directions to determine and award a reasonable sum for the attorney’s fees and costs which she has incurred and to enter such further order as may be consistent herewith.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
WALDEN and GUNTHER, JJ„ concur.