COWART, Judge.
We reluctantly hold that a de facto marriage relationship, however strong,[1] is not a “marriage” and does not constitute a “remarriage” within the meaning of a separation agreement that provides that an ex-husband will support an ex-wife until the death or “remarriage” of the ex-wife. We do not reach this decision because we think the result is fair or just but only because citizens have the right to contract on such terms as they may choose and because, as a matter of law, the words “marriage” and “remarriage” must be held to refer to the state or condition of being lawfully married, that is, a de jure marriage, as distinguished from a de facto marriage. See Schneider v. Schneider, 467 So.2d 465 (Fla. 5th DCA 1985); DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987); Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975), cert. denied, 328 So.2d 844 (Fla.1976).
The trial judge did not err in setting a reasonable attorney’s fee in an amount that was less than the amount the ex-wife actually paid her attorney.
AFFIRMED.
DANIEL, C.J., and COBB, J., concur.

. The ex-wife and her "de facto” husband live openly as man and wife and have had their relationship “blessed” by a priest; the ex-wife was unsuccessful at having her prior marriage annulled by an ecclesiastical authority and would lawfully marry but for her religious convictions. In making the separation agreement, the ex-husband relied not on any expansive meaning of the word “remarriage” but on his confidence that the ex-wife, because of her strong religious convictions, would not live with another man except in a state of lawful marriage.