DANIEL, Chief Judge.
Rebecca Walker appeals the dismissal with prejudice of her complaint for partition filed against her former husband, Michael Erpenbach. Walker contends that her allegations that her former husband has entered into a “de facto” marriage are *739 sufficient to terminate his right to exclusive possession of the former marital home, thus entitling her to partition of the property. We disagree and affirm.
The parties were married in 1974 and have two sons, who were born in 1976 and 1979. In 1984, the parties’ marriage was dissolved. The final judgment of dissolution incorporated the parties’ settlement agreement. This agreement provided that shared parental responsibility for the children would remain with both parties but the husband was given primary residential care and custody of the boys. The parties also agreed to a distribution of their personal property but they could not agree as to the disposition of the marital home. The trial court therefore entered an order awarding the husband the use of the home for the benefit of the minor children until such time as he remarries or until the minor children reach 18 years of age, whereupon the home and furniture are to be sold and the proceeds split evenly between the parties.
In 1988, the wife filed an action for partition of the marital home. In her complaint the wife alleged that the husband’s girlfriend and her two children had moved into the home and that the husband told the wife that he intended to marry his girlfriend. The wife claimed that since this arrangement had existed for almost two years, the husband had entered into a de facto marriage and therefore his right to occupancy of the marital home had terminated. The husband moved to dismiss the complaint on the basis that Florida does not recognize common law marriage[1] and therefore allegations of a de facto marriage were not sufficient to state a cause of action for partition. The trial court concluded that the allegations of the complaint were legally insufficient and dismissed the complaint with prejudice.
The former marital home, owned as tenants in common by the parties after the dissolution of their marriage but subject to the exclusive possession of the custodial spouse and a child of the dissolved marriage, is subject to partition upon remarriage of the custodial spouse. Anderson v. Anderson, 424 So.2d 943 (Fla. 5th DCA 1983). In Buchan v. Buchan, 550 So.2d 556 (Fla. 5th DCA 1989), we recently held that a de facto marriage relationship, however strong, is not a “marriage” and does not constitute a “remarriage” within the meaning of a separation agreement which provides that a husband will support his wife until the death or remarriage of the wife. We concluded that the words “marriage” and “remarriage” must be interpreted as referring to the state or condition of being lawfully married, that is, a de jure marriage, as distinguished from a de facto marriage.
Here the wife did not allege that the husband had legally remarried but merely alleged that he had entered into a de facto marriage with his live-in companion. The final judgment of dissolution provided for termination of the husband’s exclusive possession of the marital home upon his remarriage — the judgment was silent as to other living arrangements.[2] In these circumstances, the wife’s allegations are not legally sufficient to terminate the husband’s right to exclusive occupancy of the former marital home for purposes of a partition action. Accordingly, the complaint for partition was properly dismissed.
AFFIRMED.
SHARP, and GOSHORN, JJ., concur.

. Section 741.211, Florida Statutes (1987) provides that no common law marriage entered into after January 1, 1968, shall be valid.

. The trial court could have imposed other conditions relating to the husband’s life-style. See, e.g., Aycock v. Aycock, 498 So.2d 999 (Fla. 4th DCA 1986).