570 So.2d 1138 (1990)
Marianne PRICE, Appellant,
v.
Gordon J. PRICE, Appellee.
No. 90-0032.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
Brenda DiIoia of Peter Mineo, Jr., P.A., Fort Lauderdale, for appellant.
Thomas Holden of Holden & Holden, P.A., Hialeah, for appellee.
RIVKIND, LEONARD, Associate Judge.
Wife appeals a final judgment of dissolution of marriage which failed to award her any alimony and which restricted her possession of the marital residence by ordering it sold if she has a "live-in male." We find that the trial court abused its discretion in denying her any alimony and erred in imposing the restriction on her use of the marital home. This was a ten-year marriage. The parties have one child. During the marriage the wife worked part-time to supplement the family income. At time of trial, she was earning a net income of $181 a week as a restaurant hostess and cashier. Husband was employed by the same company for twenty years as a construction superintendent, with a net income of $577 a week. The wife was named custodial parent of the minor child, was awarded the exclusive use of the marital home until remarriage or until emancipation of the child, and child support of $120 a week. The husband was to continue medical insurance for the child and each party was ordered to split any medical bills not covered by insurance. The wife was to be solely responsible for mortgage payments and repairs to the home up to $1,000 with the cost of any repairs in excess of $1,000 to be shared equally. No provision was made for the wife to be reimbursed for half of the mortgage payments upon a sale of the marital residence. Other provisions of the final judgment concerned existing credit card obligations and distribution of personal property. Jurisdiction was reserved to award legal fees and costs to the wife.
In summary, wife and child were left with a weekly net income of $301 ($181 plus $120) while husband was left with a weekly net income of $457 ($577 minus $120). There was no justification for the imputation of income to the wife. There was no evidence of malingering nor was there any showing that she had the current capacity to improve her earnings. The wife was "shortchanged." Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). On remand the trial court should provide for an award of alimony, whether rehabilitative, permanent, or lump sum by awarding her the husband's interest in the marital home. If the trial court, in the exercise of its discretion, does not choose to award the *1139 wife the marital home as lump sum alimony, provision should be made for reimbursement to her upon a sale of the residence for half of the mortgage payments. Delehant v. Delehant, 442 So.2d 1009 (Fla. 4th DCA 1983).
We also reverse the restriction on the use of the marital home. In Danoff v. Danoff, 501 So.2d 1361, 1364 (Fla. 4th DCA 1987), this court held that the trial court erred in conditioning the wife's exclusive occupancy of the marital home upon her not permitting any unrelated male over eighteen years to live-in or stay there absent any showing of the need for such restriction. "Because restrictions of this nature impact upon the private life of the custodial parent, they will be sustained only if the record contains competent substantial evidence to demonstrate that they are required to safeguard the best interests of the child." Miller v. Miller, 423 So.2d 638, 639 (Fla.4th DCA 1982). We have carefully considered the entire record in the instant case and note it is devoid of any evidence to support the restriction. We also note that, albeit the minor child will often be staying with the husband, no similar restriction was imposed on him.
In conclusion, we regretfully feel constrained to address another matter. No useful purpose could be served by a recitation of the many comments made by the trial judge to or concerning the wife during the trial. The record, the wife's brief, reinforced at oral argument, led us to the inescapable conclusion that the wife has a real, not fanciful, fear of unfair treatment if the same judge presides over further proceedings. Both parties are entitled to the cold neutrality of an impartial judge. We assume, upon remand, that the trial judge will voluntarily recuse himself from further proceedings.
Reversed and remanded for further proceedings consistent with this opinion.
HERSEY, C.J., and POLEN, J., concur.