PER CURIAM.
The former wife brings this appeal from a final judgment of dissolution and amended final judgment of dissolution. The parties were married for approximately ten (10) years, this being the second marriage for each, and no children were born of this marriage. For approximately four (4) years during the marriage, and on a seasonal basis, the former wife worked at one of a chain of restaurants established by the former husband prior to the parties’ marriage. At the time of dissolution she was fifty-two (52) years of age, in good health, and in possession of a current real estate broker’s license. The former husband was sixty-five (65) years of age and one hundred percent disabled. The former husband also leaves the marriage with substantial assets which the trial court properly found to be nonmarital and therefore not subject to equitable distribution. The former wife received $2,000.00 lump sum alimony and one half of the proceeds from the sale of the marital home, for a total of approximately $89,000.00. The former wife’s prayer for rehabilitative alimony was denied. We affirm in part and reverse in part.
The only point on appeal which has merit is the wife’s argument that the trial court erred in awarding the husband full reimbursement for the mortgage payments he is making on the marital home from the date of the final judgment to the time of the sale of the home. As this court noted in Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA 1987):
Where a final judgment of dissolution of marriage awards one cotenant the exclusive possession of the marital domicile and directs the other cotenant to pay all of the obligations of the property, such as taxes, liens, and repairs, the paying cotenant has the right to reimbursement from the other cotenant for his half upon the eventual sale of the property.
Id. at 1364. This is not to say that the paying spouse may never be entitled to a full credit for mortgage payments. In the proper case, with the proper findings having been expressed by the trial court, an award to the paying spouse of a full credit for such payments may be made. However, the instant case does not present such circumstances.
Therefore, the final judgment of dissolution is affirmed in all respects except as to the trial court’s award to the former husband of full credit for his mortgage payments on the marital home prior to the sale. The final judgment is remanded with directions to amend this provision by awarding the husband a credit for one-half of these payments.
ANSTEAD, POLEN and FARMER, JJ., concur.