STONE, Judge.
The final judgment of dissolution provides that no person can reside in the former marital home with the former wife and child as a condition of their continued right to possession of the residence. Appellee concedes that such a blanket restriction is error. Therefore, the judgment is reversed. Price v. Price, 570 So.2d 1138 (Fla. 4th DCA1990); Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA1987); Miller v. Miller, 423 So.2d 638 (Fla. 4th DCA1982).
On remand, the court should also amend the judgment to provide that the former wife is entitled to a credit upon a subsequent partition or sale of the home, for the former husband’s share of the mortgage and related expenses. The former husband does not dispute her ultimate right to the credit but questions whether the court’s failure to specifically provide for it in the judgment is reversible error. It is undisputed that one making such payments has the right to a credit upon the subsequent sale or partition of the home, absent a contrary provision in the judgment. See Kelly v. Kelly, 583 So.2d 667 (Fla.1991); Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA1988).
We need not resolve whether the court’s failure to include such a provision, standing alone, is necessarily reversible error. We do not agree with Appellant’s contention that the inclusion of such terms in every final judgment that awards temporary possession is mandated by Kelly and Greenberg v. Greenberg, 602 So.2d 626 (Fla. 4th DCA1992). However, where Appellant’s right to this credit is clear and undisputed, *1231 there is no reason to omit it in the modified judgment. See Tate v. Tate, 432 So.2d 601 (Fla. 4th DCA 1983); Gallardo v. Gallardo, 593 So.2d 522 (Fla. 3d DCA 1991), rev. denied, 604 So.2d 486 (Fla.1992).
In all other respects, the final judgment is affirmed.
FARMER, J., and MAY, MELANIE, Associate Judge, concur.