PER CURIAM.
We are here again faced with a record on appeal not prepared in accordance with the applicable rules of appellate procedure. The same criticism (intended to be constructive) which we noted in our opinion in Okaloosa Island Leaseholders Association, Inc. v. Okaloosa Island Authority, Fla.App. 1st 1975, 308 So.2d 120, is also applicable here except that sub judice neither volume of the record on appeal is numbered at all. True to form, however, there is nothing chronological about the index : Item 1, page 1 is the directions to the clerk but Item 23, pages 78 and 79 is the petition for dissolution of marriage. The final judgment is sandwiched in between as Item 11, pages 21 and 23. It is preceded as Item 10 pages 18 through 20 by the petition for rehearing and petition to amend judgment.
As a caveat we here suggest that the Court would be entirely within the bounds of its inherent jurisdiction were we to sua sponte strike the record on appeal and briefs which are not prepared in accordance with the clear and unequivocal mandates of the Florida Appellate Rules.
Turning now to the points raised by appellant, the first of which urges that the trial court was without jurisdiction of this dissolution of marriage case because the petitioner, a member of the military, had not resided in the State of Florida for sufficient time to establish residency in accordance with the provisions of F.S. § 61.-021. Our examination of the record reveals that there was ample evidence to sustain the finding of the trial judge that the residency requirement had been met.
Appellant then urges that the trial court erred in failing to provide support for the child of the parties after attaining 18 years of age. That contention is refuted by this Court’s decision in White v. White, Fla.App. 1st 1974, 296 So.2d 619.
Point three in appellant’s briefs relates to an alleged failure on the part of the trial judge to properly divide certain jointly owned property, including bank accounts. Our examination of the record does not reveal that the claims of the appellant in this regard are sufficiently supported by the evidence to overcome the presumption of correctness which we are *617 required to give to the actions of the trial judge.
Appellant next contends that the trial court erred in failing to fully consider the financial obligations and debts of the wife in denying her prayer for travel expenses and attorney’s fees. We do not find the record to demonstrate an abuse of discretion in that regard.
Finally, appellant asserts that the trial judge misconstrued the Florida “no-fault” dissolution of marriage law in denying alimony to appellant. There is nothing in the record before us to demonstrate applicability of our decisions in Brown v. Brown, Fla.App. 1st 1974, 300 So.2d 719 and Ruhnau v. Ruhnau, Fla.App. 1st 1974, 299 So.2d 61.
Appellant’s petition for attorney’s fees incident to this appeal is denied.
The appellant having failed to demonstrate reversible error, the final judgment appealed is
Affirmed.
BOYER, Acting C. J, and McCORD and MILLS, JJ., concur.