487 So.2d 339 (1986)
June Ellen SMITH, Appellant,
v.
Joel Franklin SMITH, Appellee.
No. 85-966.
District Court of Appeal of Florida, Fourth District.
April 2, 1986.
Rehearings Denied May 13, 1986.
Larry Klein and Jane Kreusler-Walsh of Klein & Beranek, P.A., and Powell, Tennyson & St. John, West Palm Beach, for appellant.
Peggy Rowe-Linn, of Merkle, Bright & Sullivan, Delray Beach, and Law Offices of Ronald Sales, West Palm Beach, for appellee.
LETTS, Judge.
This appeal presents the question of whether a trial judge can ignore a request for equitable distribution in a marriage dissolution. We hold he should not.
This was only a four-year marriage with one child born from the union. The husband, forty-seven, is a successful surgeon; the wife, forty, is as yet unemployed, working toward a Ph.D. in psychology. It is his third marriage and her first. She leaves the marriage with few assets and modest rehabilitative alimony for twenty-four months. He retains considerable assets, including a luxury home acquired before the marriage, and enjoys a large income. In the same year as the marriage took place, he created a pension plan for his professional association into which he contributed $175,000 during the period the marriage lasted.
In Van Boven v. Van Boven, 453 So.2d 937 (Fla. 4th DCA 1984), we held it to be error not to consider the equitable distribution of assets acquired during the marriage. Certainly, the contributions to his pension plan were such. See Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984). Accordingly, we reverse and remand this cause.
In terms of time, this union cannot be considered a long-term marriage and we do not choose to offer guidance as to what, if any, would constitute an appropriate equitable distribution. The matter should, however, receive good faith consideration and if the trial judge concludes that no equitable distribution is appropriate, he should "make findings justifying the lack of such a provision." Van Boven.
In all other respects, the final judgment is affirmed.
REVERSED AND REMANDED.
HERSEY, C.J., and GUNTHER, J., concur.