505 So.2d 602 (1987)
Jack L. BARRS, Appellant,
v.
Beverly B. BARRS, Appellee.
No. BM-434.
District Court of Appeal of Florida, First District.
April 10, 1987.
Rehearing Denied May 11, 1987.
Barry L. Zisser, Jacksonville, for appellant.
Harry B. Mahon, of Mahon & Farley, Jacksonville, for appellee.
ZEHMER, Judge.
The former husband appeals a final judgment of dissolution of marriage. The initial point on appeal is whether the trial court made an equitable distribution of the marital assets that complies with the applicable law. We are unable to determine the basis of the trial court's decision because no explicit findings of fact were made in the final judgment. We therefore reverse and, for the following reasons, remand for further proceedings.
The parties were married ten years, and they have no children. The husband is a licensed physician in active practice. The wife manages rental property titled in her name. It appears from the hotly disputed record that at the time of the marriage the wife owned an oceanfront home in Ponte Vedra, a rental home in Georgia, an apartment complex in St. Augustine, two automobiles, and approximately $31,000 in checking and savings accounts. The husband owned a house on Lake Asbury, an automobile, savings of $12,000, and stocks and bonds worth approximately $6,000. During the marriage various parcels of real property were acquired which were titled either in the wife's name alone or in both parties' names.
The wife filed a petition for dissolution of marriage seeking periodic and lump-sum alimony. In his amended answer, the husband denied the wife's right to alimony, claimed special equities in all the couple's properties, requested alimony from the wife, and requested equitable distribution of all assets accumulated during the marriage, including an interest in all the wife's assets owned prior to the marriage to the extent of appreciation during the marriage. Extensive discovery was had, numerous depositions were taken, and the final hearing extended over several days in December 1985 and January 1986 during which some fifty exhibits were presented and 648 pages of transcribed testimony was put in evidence. Throughout the proceedings the parties disagreed as to the facts, figures, and valuations of their properties. In their respective briefs, the parties dispute the value of assets based on the evidence presented at trial, particularly with respect to the properties acquired during the marriage and placed in the wife's sole name.
*603 The final judgment of dissolution does not contain any explicit findings of fact similar to those required in administrative law cases,[1] worker's compensation cases,[2] or, indeed, by the Federal Rules of Civil Procedure.[3] There are no findings indicating the method of valuation used by the trial court in arriving at its judgment. Rather, the final judgment merely recites that:
(e) During the marriage the Husband carried on his medical practice. The Wife worked in his office part of the time and conducted her business of dealing in real estate, at which she was successful.
(f) The Wife is entitled to retain as her sole property all of the real property in her name, and all accounts, moneys, investments, notes, mortgages and any other personal property in her name or controlled by her free from any claim or interest of the Husband thereto or therein.
(g) The Husband is entitled to retain as his sole property all real property in his name, and all accounts, moneys, investments, notes, mortgages and any other personal property in his name or controlled by him free from any claim or interest of the Wife thereto and therein.
(h) The parties shall become tenants in common of any real and personal property in their joint names.
(i) The aforesaid division and disposition of the property between the parties is an equitable division and resolution of the rights and claims asserted by the parties in this action.
(j) Neither party needs or is entitled to alimony, support or contribution on fees and costs from the other party.
It is apparent that the trial court essentially left the parties where it found them, the recitation of equitable distribution in subparagraph (i) notwithstanding. Although its disposition smacks of finding special equities in each party with respect to certain properties, the judgment contained no explicit ruling on the issue of special equities raised by the pleadings. More importantly, however, without explicit findings of fact resolving the hotly disputed character and valuations of the many properties owned by the parties, it is impossible, for all practical purposes, for us to accord any meaningful appellate review of whether the result reached by the trial court accomplished an equitable distribution that conforms with the law of Florida. Our appellate courts have stated that a trial court cannot ignore a request for equitable distribution in a marriage dissolution. Van Boven v. Van Boven, 453 So.2d 937 (Fla. 4th DCA 1984). The matter should be given good faith consideration and if the trial judge concludes that no equitable distribution is appropriate, he should "make findings justifying the lack of such a provision." Smith v. Smith, 487 So.2d 339 (Fla. 4th DCA 1986), rev. denied, 496 So.2d 143 (Fla. 1986) (citing Van Boven). See also Danoff v. Danoff, 501 So.2d 136 (Fla. 4th DCA 1987). Yet there are no requirements, by rule or supreme court decision, that the trial court, when purporting to grant equitable distribution, make explicit findings of fact with respect to disputed valuation and categorization of property interests.
Do we, as an appellate court required to review judgments to assure that they comply with the law, possess the inherent power to reverse and remand to the trial court for explicit findings of fact on equitable-distribution issues when we are unable to provide effective review without such explicit findings? Are we relegated, in such circumstances, to the presumption of correctness that is said to attach to appealed judgments[4] and simply rest our decision on that rule of appellate convenience, without understanding the true facts (which must be found by the trial court) and without being able to determine *604 that the judgment represents a correct application of the law to those facts? Although the need for requiring written findings of fact in dissolution cases should be readily apparent to all concerned, the answer to these questions is  in the absence of a pronouncement from the supreme court  far from certain. We observe that the Fourth District has exercised its inherent power to require findings in dissolution cases where the trial court declines to make provisions for equitable distribution. Danoff v. Danoff, 501 So.2d 136; Smith v. Smith, 487 So.2d 339; Van Boven v. Van Boven, 453 So.2d 937. Applying the obverse of that rule, we hold that it is equally appropriate to require explicit findings with respect to disputed facts that form the factual basis on which a trial court undertakes to award equitable distribution. Accordingly, the provisions of the appealed judgment disposing of the marital property are reversed and the cause is remanded for further proceedings in accordance herewith. Any judgment entered pursuant to such proceedings shall include written findings of fact on the character and valuation of the various properties of the parties as marital assets subject to equitable distribution and specific rulings on claims for special equity.
Bearing in mind that this holding may be perceived as a substantial change in the law which should be made only by the supreme court,[5] we certify to the supreme court the following question of great public importance:
WHETHER THE TRIAL COURT CAN BE REQUIRED TO MAKE EXPLICIT WRITTEN FINDINGS REGARDING DISPUTED ISSUES OF FACT IN AWARDING EQUITABLE DISTRIBUTION OF MARITAL ASSETS IN A DISSOLUTION OF MARRIAGE PROCEEDING.
REVERSED and REMANDED.
HALL, J. LEWIS, Jr., Associate Judge, concurs.
WENTWORTH, J., dissents with written opinion.
WENTWORTH, Judge, dissenting.
I would affirm, finding that (1) the judgment identifies the basis for allocation of assets in the context of this dissolution proceeding, (2) the record contains competent substantial evidence to support the court's resolution of disputed issues, and (3) the case therefore presents no necessity for certification of the issue posed. Applying the Canakaris test, I cannot conclude that no reasonable person would take the view adopted by the trial court.
NOTES
[1] § 120.59(2), Fla. Stat. (1985).
[2] § 440.25(3)(c), Fla. Stat. (1985); Vargas v. Americana of Bal Harbor, 345 So.2d 1052 (Fla. 1976).
[3] Fed.R.Civ.P. 52.
[4] Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Smith v. Smith, 309 So.2d 615 (Fla. 1st DCA 1975).
[5] Cf. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).