JOANOS, Judge.
Mary Terresa Iverson appeals from a final judgment of dissolution and property distribution granting her a total award of $5,500, and asserts that the lower court failed to consider her husband’s annuity tax deferred savings plan when distributing the assets they had accumulated during their marriage. A review of the record as well as the lower court’s Final Judgment Order reveals that there is no judicial discussion as to how Mrs. Iverson’s award was determined. Because of the limited award to Mrs. Iverson and because the lower court gave no indication as to the factors weighed in arriving at the total figure awarded, it appears that this savings plan was not even considered. Therefore we reverse.
The parties, Mr. Iverson now age 43, and Mrs. Iverson age 32, began cohabitation in fall of 1979 in a residence owned by Mr. Iverson. They shared living expenses during this time, and after approximately two years married April 11, 1981. Prior to the marriage, Mr. Iverson bought a lot at a different location and after they were married the couple built a new home on this lot and moved in. Both properties are held in Mr. Iverson’s name. The parties had no children. The relations deteriorated. The parties finally separated and were divorced in May 1986.
During the marriage the wife was employed as a social worker and the husband as a professor at Florida State University. The parties maintained a separate financial arrangement and paid their own individual expenses, sharing joint living expenses. The husband made the mortgage payments and other home related payments, while wife’s salary was used for groceries, furnishings, entertaining and miscellaneous joint expenses approximating $600.00 a month, almost one-third of her monthly income. There was a significant disparity between their earning capacities. Wife’s salary ranged between $14,000 and $17,000 while married. She did not accumulate independent assets of her own during the marriage, and testified that she had little left over after expenses to develop her own independent savings account. Husband was able to accumulate substantial equities in the assets he owned prior to the marriage. At issue is the account containing $32,410.00, approximately twenty percent of husband’s salary, that husband managed to save by placing $720.00 a month in an annuity tax deferred savings plan with his employer. Husband helped finance wife’s purchase of her 1985 Toyota Corolla and car insurance. Their joint tax return monies were spent on home improvements.
At the time of marriage, husband had a net worth of approximately $55,000.00. Wife had only her automobile. At the time of the dissolution hearing husband had a net worth of approximately $125,000.00, and wife had a net worth of approximately $300.00. At the time of their dissolution husband was earning over $4,000.00 per month, $1,000.00 being contributed monthly to his tax deferred plan or other savings. Wife had a gross income of approximately $1,500.00 per month. Both parties are satisfied with their division of the personal property.
Wife requested rehabilitative alimony of $700.00 (for relocation expenses) and approximately $40,000 in lump sum alimony to effect an equitable distribution of the assets ($16,000 from the tax deferred plan, plus $24,300 equity in marital home). Wife *393 was awarded a total of $5,500.00 as a result of the trial court’s property distribution and her request for attorney’s fees and lump sum alimony was denied.
The record reveals that the entire annuity tax deferred savings plan was acquired by the husband during the course of the parties’ marriage, and we find it is therefore subject to equitable distribution upon dissolution of marriage. Buttner v. Buttner, 484 So.2d 1265 (Fla. 4th DCA 1986), rev. den., 494 So.2d 1149 (Fla.1986). Also in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), the Florida Supreme Court held that entitlement to pension or retirement benefits must be considered a marital asset for purposes of distributing marital property. Although husband’s tax deferred savings plan here is not labelled a pension or retirement plan, we find that the Florida Supreme Court’s reasoning in arriving at the above conclusion applies to the facts of this case:
To the extent that they [contractual rights to future benefits] result from employment time after marriage and before commencement of matrimonial action, they are contractual rights of value, received in lieu of higher compensation which would otherwise have enhanced either marital assets or the marital standard of living and, therefore, are marital property. 491 So.2d at 267 (emphasis supplied).
In light of the financial arrangement developed during this marriage, wherein wife contributed one-third of her monthly income to joint expenses which enhanced husband’s ability to save twenty percent of his salary in his own name, we can only assume that the lower court did not have the benefit of the Florida Supreme Court’s Diffenderfer opinion at the time of the dissolution hearing, and did not consider Mr. Iverson’s tax deferred plan when concluding that Mrs. Iverson was only entitled to a total property award of $5,500. Upon remand the trial court shall consider the annuity tax deferred account and any further evidence as may be directed by the court or offered by the parties to enable the court to reach an equitable distribution between the parties.
We find that the trial court was within its discretion in denying Mrs. Iver-son attorney's fees and costs. Also, we find that appellee’s cross claim, which asserts that the trial court erred in awarding Mrs. Iverson $5,500 as a property settlement, is without merit.
REVERSED and REMANDED.
SMITH and BARFIELD, JJ., concur.