506 So.2d 1152 (1987)
Jenethal A. GRANT, Appellant,
v.
Clarence GRANT, Jr., Appellee.
No. BO-49.
District Court of Appeal of Florida, First District.
May 12, 1987.
*1153 E.J. Johnson, III, Jacksonville, for appellant.
No appearance for appellee.
PER CURIAM.
The appealed judgment of dissolution ruled, consistent with this court's decision in Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984), that appellant wife "is not, under Florida Law, entitled to an equitable distribution of any portion of the Husband's military retirement pension," which at the time was fully vested. After entry of that judgment, the supreme court reversed the Diffenderfer decision and held that a husband's vested and matured pension rights may be considered as a marital asset in determining equitable distribution and alimony. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). That opinion did not circumscribe the power of the circuit judge to consider such benefits in determining the amount of alimony to be awarded to the wife, but left to the trial judge's discretion how pension rights are to be valued and treated in doing equity between the parties. It not being clear, however, to what extent the trial court considered the husband's pension rights in determining the amount of appellant's alimony and in approving the property settlement previously agreed to by the parties, nor the extent to which such pension rights may be so considered and distributed under applicable federal law, we reverse all provisions of the judgment pertaining to alimony and property rights and remand for reconsideration in light of the supreme court opinion in Diffenderfer. See Evans v. St. Regis Paper Co., 287 So.2d 296 (Fla. 1973); Pate v. Mellen, 275 So.2d 562 (Fla. 1st DCA 1973) (on rehearing). Diffenderfer permits the trial court, depending on the facts of the case, to consider the pension benefits as a marital asset for lump sum distribution or as a source of support payments. Accordingly, it should be made clear that we are not directing the trial court to make any specific changes in its judgment, but only that it give consideration to the pension benefits accruing during the marriage as a marital asset.
REVERSED and REMANDED.
THOMPSON, ZEHMER and BARFIELD, JJ., concur.