PER CURIAM.
Guy M. Jennings, the former husband, appeals a final judgment of dissolution of marriage. We agree with appellant that the trial court abused its discretion in dividing the marital assets in such an imbalanced fashion, as there is no competent substantial evidence in the record to support that uneven distribution. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Lamb v. Lamb, 500 So.2d 256 (Fla. 1st DCA 1986). See also, Noah v. Noah, 491 So.2d 1124 (Fla.1986); Green v. Green, 501 So.2d 1306 (Fla. 4th DCA 1986). Therefore we reverse and remand this case so that the trial court may revisit this entire cause, and while doing so, to also specifically address whether appellant is in a position to comply with the final judgment award of the parties’ Mercedes to appellee.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.
ON MOTION FOR CLARIFICATION AND RECONSIDERATION
PER CURIAM.
Appellee has moved for clarification and reconsideration. She alleges among other things, that we have not stated in what way the distribution of assets was imbalanced. We admit that the opinion does not specifically direct what action the trial court should take in curing the imbalanced distribution of assets. Perhaps the opinion could have made a simple suggestion as, for example, that at the least, with all other awards left as they are, the husband should have been awarded one-half interest in the apartments located at 708-710 Oceanfront, Atlantic Beach. We have de- *995 dined to so direct because, there are other alternatives available to the trial court. We believe that it would be more appropriate for the trial court to select from the alternatives rather than this court.
Appellee also requests us to reconsider our denial of her request for appellate attorney’s fees. We maintain the denial by this court to award appellate attorney’s fees, however, we clarify that our order is without prejudice to appellee to seek attorney’s fees from the trial court upon remand of the case to that court. That request can be considered by the trial court along with all other issues in the case and may take into account the efforts and activities involved in the appeal.
Except to the extent that this opinion clarifies or reconsiders the earlier opinion of this court, appellee’s motion for clarification and reconsideration is hereby denied.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.