SHARP, Judge,
dissenting.
The majority opinion can only be based upon the premise that if the result is “equitable,” an affirmance is proper despite errors of law committed[1] by the trial judge. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The problem with this approach in this case is that the trial judge misapplied the law, made no specific findings as to valuation of marital assets in the final judgment, and gave no reasons for unequal distribution of such assets. We are therefore unable to give this case a meaningful review on appeal.[2]
The trial judge misapplied the law in two instances, the facts of which were uncon- *1278 troverted by this record. First, the trial judge erred in finding the business, the only income-producing asset of the parties, which was commenced during the marriage, not to be a marital asset. Laman v. Laman, 490 So.2d 985 (Fla. 5th DCA), review denied, 500 So.2d 544 (Fla.1986). Second, the trial court erred in finding that certain jewelry and a painting, both inherited by the wife, were marital assets. Sanders v. Sanders, 492 So.2d 705 (Fla. 1st DCA 1986).
The testimony regarding valuation of virtually all of the assets was contradictory, especially with respect to the business. Two accountants gave widely contradictory testimony of the business’ value. However, the trial judge in finding it to be non-marital property, assigned no value to it in the final order. The wife’s jewelry and painting were valued at $17,000.00. These two errors resulted in at least a $17,000.00 unequal division of marital assets assuming the business had no value. But there was no testimony it had a “zero” value.
Even taking the valuation of the marital assets in a light most favorable to the husband, the wife was still substantially short-changed. She received 29% of the marital assets and appellee received 71%. There was no justification for such an unequal distribution.[3]
An unequal distribution of marital assets is not always error.[4] However, in the instant case, the distribution of assets is predicated upon incorrect rules of law, there are no findings as to the valuation of a significant number of the assets, and the distribution is substantially unequal under the most favorable interpretation. Under such circumstances, meaningful appellate review is impossible and the case should be remanded to the trial court for reconsideration and/or more specific findings. Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987);[5] Jennings v. Jennings, 510 So.2d 994, (Fla. 1st DCA 1987); Szemborski v. Szemborski, 512 So.2d 987 (Fla. 5th DCA 1987). See In Re Marriage of Iverson, 508 So.2d 391 (Fla. 1st DCA 1987); Grant v. Grant, 506 So.2d 1152 (Fla. 1st DCA 1987); Gregg v. Gregg, 474 So.2d 262 (Fla. 3rd DCA 1985); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3rd DCA), review denied, 482 So.2d 347 (Fla.1985). I respectfully submit that the majority opinion in this case is in conflict with decisions from our sister court as well as our own.
I would therefore reverse and remand.

. Where the judge fails to apply the correct legal rule the result is erroneous as a matter of law, but is not necessarily an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

. In Re Marriage of Iverson, 508 So.2d 391 (Fla. 1st DCA 1987) (reverse and remand for reconsideration of marital asset which was not included in final judgment); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987) (trial court should make specific findings regarding equitable distribution of property); Grant v. Grant, 506 So.2d 1152 (Fla. 1st DCA 1987) (all provisions of a judgment were reversed and case was remanded to trial court where it was not clear to what extent the trial court considered the husband’s pension rights in approving property settlement and determining alimony); Gregg v. Gregg, 474 So.2d 262 (Fla. 3rd DCA 1985) (whether a note should have been an asset to one party, rather than a marital asset, could not be determined on appeal where final judgment made no disposition thereof and cause should be remanded); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3rd DCA), review denied, 482 So.2d 347 (Fla.1985) (an equitable distribution award will not be *1278 upheld and cannot be said to have been equitably made where valuations of property were improperly made, value of assets were hotly contested, and the trial judge estimated the value of the marital home to be "somewhere ... in the nature of 6 to 800,000 dollars.”).

.Taking the values given by the husband or his witnesses (when available), it appears the husband received approximately $125,100.00 of the marital assets while the wife received approximately $50,000.00. The record was also unclear as to debt, if any, on many of the assets.

. Langer v. Langer, 463 So.2d 265 (Fla. 3rd DCA 1984), review denied, 472 So.2d 1181 (Fla.1985).

. Question certified to the supreme court:
WHETHER THE TRIAL COURT CAN BE REQUIRED TO MAKE EXPLICIT WRITTEN FINDINGS REGARDING DISPUTED ISSUES OF FACT IN AWARDING EQUITABLE DISTRIBUTION OF MARITAL ASSETS IN A DISSOLUTION OF MARRIAGE PROCEEDING.