SHIVERS, Judge.
Appellant/wife, Beverly Schang, appeals the supplemental judgment of dissolution of marriage, raising three issues: (1) that the trial court erred in failing to award her the exclusive use and possession of the marital home; (2) that the court erred in failing to consider husband’s retirement plan as a marital asset; and (3) that the trial court erred in ordering an automatic reduction of permanent periodic alimony after 40 months. We affirm as to issue 1, *1099 but reverse and remand for reconsideration as to issues 2 and 3.
The parties to this appeal were married in 1956, when wife was 20 and husband was 18 years of age. The wife attended one year of college in 1954 and was working as a file clerk when the parties married. She ceased work 15 months later, with the birth of the couple’s first child. Two children were born of the marriage, both of whom had reached majority age by the time of the final hearing. Wife returned to work in 1972 as a part-time substitute elementary school teacher, but quit in 1979 or 1980. In 1986, the elementary school where wife had worked received its accreditation, and began requiring teachers to hold degrees where none had been required before.
As of the 1985 dissolution hearing, wife had amassed 50 credit hours at a junior college by taking one class at a time over the years, and was 12 hours short of being qualified as a junior. She suffered from various physical illnesses, including a heart condition, which she testified would prevent her from working under stressful conditions. She did state, however, that she hoped to be employed in the future, when she “could handle it.”
Husband had been employed by Southern Bell since the parties’ marriage, and reported a total 1984 income of $49,000. In addition to the marital home valued at $65,000, the parties’ assets included household furnishings worth roughly $15,000, a $7,500 Bell System savings plan, a life insurance policy with a cash value of $2,500, $10,000 in stocks, $220 in an IRA, a group life plan with a face amount of $130,000, and a pension plan funded entirely by Southern Bell.
The parties separated in September of 1983. Husband filed the initial petition for dissolution in 1984, and wife answered and counterpetitioned. After the hearing, the trial court entered a final judgment dissolving the marriage and a supplemental final judgment awarding wife $5,000 “as a division of their properties,” permanent alimony of $800 per month for 40 months, to be reduced thereafter to $500 per month, and the exclusive use and ownership of the furniture and household furnishings. The marital home was ordered sold within 120 days, the proceeds to be equally divided between the parties. In addition, husband was ordered to maintain a $10,000 life insurance policy for as long as he was required to pay alimony, and to pay wife’s attorney’s fees in the amount of $3,000.
First, wife argues that she should have been awarded the exclusive use and possession of the marital home for so long as she was to receive alimony, and that the trial court’s failure to do so will force her to deplete her only assets in order to obtain housing. Although we disagree with the trial court’s failure to award the exclusive use and possession of the home to the wife, we believe that reasonable persons could differ as to the propriety of the court’s action. Therefore, under the standard set out in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we find that the trial court’s discretion was not abused as to this issue.
Second, prior to the final hearing in the instant case, this court had held, in Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984), that a wife was not entitled, under Florida law, to an equitable distribution of the husband’s fully vested military retirement pension. Consistent with that opinion, the trial court in this case did not consider husband’s pension plan, and no evidence was presented regarding whether the plan was vested or matured, the amount of payments, or when husband would be eligible for payments. After entry of the final and supplemental judgments, the supreme court reversed this court’s decision in Diffenderfer and held that a husband’s vested and matured pension rights could be considered as a marital asset in determining alimony or equitable distribution. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). Since the trial court was without the benefit of the supreme court’s opinion at the time the supplemental final judgment was rendered, we reverse and remand for the trial court to consider the husband’s pension plan as a marital asset for purposes of distribution *1100 or alimony and to hear additional evidence if necessary. Grant v. Grant, 506 So.2d 1152 (Fla. 1st DCA 1987).
Third, the automatic reduction of permanent periodic alimony after 40 months must be reversed, since the record does not contain evidence which would indicate that wife’s needs will diminish in 40 months. Antonini v. Antonini, 473 So.2d 739 (Fla. 1st DCA 1985). Although husband argues that the award of $800 per month was actually a combination of $500 per month permanent alimony and $300 per month rehabilitative alimony, and that the reduction after 40 months constitutes termination of rehabilitative benefits, the supplemental final judgment does not so indicate.
Accordingly, we affirm as to the first issue, but reverse and remand for reconsideration of the second issue on the basis of the supreme court’s holding in Diffender-fer. In light of the fact that the different remedies in a dissolution case are part of an “overall scheme” for accomplishing equity between the parties, Canakaris v. Canakaris, 382 So.2d at 1202, we point out that the trial court’s reconsideration of distribution and alimony in light of husband's pension plan may necessitate that he reconsider other facets of the supplemental final judgment as well.
THOMPSON, J., concurs.
ZEHMER, J., specially concurs, with opinion, in which THOMPSON, J., also concurs.