PER CURIAM.
On this appeal from a final judgment of dissolution of marriage, Judith Tomlinson, the former wife, raises seven issues. She does not contest the adjudication of dissolution and that adjudication stands. We find sufficient evidence in the record to support the trial court’s finding that appellant voluntarily quit her job and that finding is affirmed. After careful review of the record, however, we have been unable to determine the factual basis upon which the trial court predicated the rulings in regard to the marital home, property distribution, the award of rehabilitative alimony, the distribution of household goods, and the requirement that the wife vacate the marital home on short notice. Therefore, with the exception of the two adjudications here-inabove referred to, the final judgment is vacated and this cause is remanded to the trial court for entry of specific findings of fact supporting the adjudications with respect to the parties’ marital property and the wife’s support. Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987); Eisner v. Eisner, 513 So.2d 673 (Fla. 1st DCA 1987); Schang v. Schang, 516 So.2d 1098 (Fla. 1st DCA 1987); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988); Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987); DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987); Smith v. Smith, 487 So.2d 339 (Fla. 4th DCA); rev. denied, 496 So.2d 143 (Fla.1986). Affirmed in part, reversed in part, and remanded for further proceedings.
SMITH, C.J., and ZEHMER and BARFIELD, JJ., concur.