544 So.2d 268 (1989)
Kim O'LEESKY, Formerly Known As Kim Liggett, Appellant,
v.
Charles L. LIGGETT, Appellee.
No. 88-02050.
District Court of Appeal of Florida, Second District.
May 19, 1989.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
Thomas J. Donnelly, Clearwater, for appellee.
HALL, Judge.
The appellant, Kim O'Leesky, appeals the final judgment in a dissolution of marriage proceeding. She contends that the trial court erred when it failed to make an equitable distribution of the marital property as requested by her in her petition for dissolution. We find merit in the appellant's argument and reverse the judgment of dissolution in part.
The parties disagree as to what contribution, if any, the appellant made to the acquisition of marital assets during the parties' two-year marriage. The asset in question is the appellee's pension plan, to which $140,000 was contributed during the marriage. "[A] spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property." Diffenderfer v. Diffenderfer, 491 So.2d 265, 270 (Fla. 1986). "The instant decision represents no revolutionary departure from Florida law." 491 So.2d at 269. However, if no marital efforts or earnings were used to acquire the pension plan or to enhance its value, the plan and any appreciation to it is not a marital asset subject to equitable distribution. Wright v. Wright, 505 So.2d 699 (Fla. 5th DCA 1987).
The trial judge did not make any finding as to the disposition of the pension plan nor did he justify his failure to make some equitable distribution of the marital property. See Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988); Danoff v. Danoff, *269 501 So.2d 1361 (Fla. 4th DCA 1987); Van Boven v. Van Boven, 453 So.2d 937 (Fla. 4th DCA 1984). Without these findings, we cannot assess the propriety of the final judgment.
We approve the final judgment except as to the provision for lump sum alimony and the division of marital property and remand this cause with directions that the trial court make specific findings, which we believe essential in matters of this kind, disclosing the basis for equitable distribution of the assets accumulated during the marriage, or enter findings of fact to justify the lack of any equitable distribution.
If the trial court should make an equitable distribution of the marital assets it should consider the following guidelines. An equitable distribution does not require an equal distribution. Equitable distribution encompasses not only assets acquired during the marriage, but also premarital assets contributed to or enhanced during the coverture.[1] Nevertheless, a trial court may consider the standard of living established during the marriage, the duration of the marriage, the contribution of each party to the marriage, and any other factor necessary to do equity and justice between the parties. Tronconi v. Tronconi, 425 So.2d 547 (Fla. 4th DCA 1982), approved, 466 So.2d 203 (Fla. 1985).
The trial court, in its discretion, may direct the receipt of further evidence or arguments by the parties or may resolve the matter on the existing record.
Reversed in part, affirmed in part, and remanded.
FRANK, A.C.J., and PATTERSON, J., concur.
NOTES
[1] "Once that fact is properly decided, then, as a matter of law, marital assets must be considered for equitable distribution purposes. It then becomes a matter of sound judicial discretion based upon equitable principles as to the amount each party is to receive as equitable distribution." Macaluso v. Macaluso, 523 So.2d 615, 617 (Fla. 2d DCA 1988).