546 So.2d 75 (1989)
Larry CLEMSON, Appellant,
v.
Cathleen Carol CLEMSON, Appellee.
No. 88-01645.
District Court of Appeal of Florida, Second District.
June 30, 1989.
*76 Thomas H. McGowan, St. Petersburg, for appellant.
Thomas P. Colclough of Wallace, Finck, Boake & Colclough, St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
The husband appeals from a final judgment of dissolution of marriage. He challenges the trial court's awards of lump sum and periodic permanent alimony to the wife and its determination that she is entitled to recover her reasonable attorney's fees. We affirm in part and reverse in part.
A long personal relationship between the parties culminated in matrimony in 1978, a second marriage for each. The husband is age 51; the wife is age 40. No children were born of the marriage. During most of their marriage, both spouses worked, and most of their assets were held jointly. In addition to petitioning for dissolution, the husband requested that the court make an equitable distribution of the couple's assets. The wife sought alimony, suit money, and costs.
In its final judgment of dissolution, the trial court ordered the husband to pay the wife permanent alimony and reasonable attorney's fees and attempted to accomplish an equitable distribution of the parties' assets. The court awarded the husband title to a jointly owned residence in South Carolina, which the parties agreed had a net value of between $32,000 and $33,000. The husband was vested with complete ownership of his Keough and Individual Retirement Accounts valued at approximately $20,000, and his $3,000 individually owned savings account. He was also awarded ownership of trucks from Economy Maintenance, a business venture the parties owned in Michigan. Finally, the husband was awarded the Rusty Nail Bar, a going business in Pinellas County which the parties had operated as a partnership. The court made no finding as to the value of the bar; however, the record reflects that the parties and their expert witnesses testified it was worth between $35,000 and $165,216.04.
The wife was awarded $250 per week permanent alimony and proceeds from the sale of a jointly owned Michigan residence. She was awarded $47,573.75 proceeds from this sale since she was previously allowed to withdraw $5,000 from such proceeds. The husband was required to pay outstanding marital debts, and as a further equitable distribution, the wife was awarded $65,233.45 in lump sum alimony payable $1,000 per month with interest at the rate of 10%. The court retained jurisdiction to award the wife costs and reasonable attorney's fees.[1]
The parties sharply dispute the value of the marital assets. In sum, the husband claims the wife has received an equitable distribution of net assets worth $135,000 while he has received assets totalling only $85,000. The wife, on the other hand, claims the husband received assets valued at $223,216 while those she has received are worth only $112,807.
*77 We first address the trial court's award of permanent alimony to the wife. The essential considerations here, of course, are the wife's needs and the husband's ability to respond to those needs. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Given the wife's age, work experience, and the fact that the parties were married only nine years, the husband contends that it was improper for the court to award permanent alimony. In evaluating the wife's needs, we must, however, consider not only these factors but also the wife's health, ability to work, and the standard of living the parties enjoyed during their marriage. Id.
While the wife had a history of employment, testimony revealed that she was in a debilitated physical and emotional condition, making it unlikely that she would soon be gainfully employed or be a candidate for rehabilitative alimony. The parties had enjoyed a middle-income standard of living during their marriage, and the wife would be unable to maintain such standard without continuing financial assistance from the husband. The wife was without income, and there was evidence from which the judge could, and apparently did, conclude that the husband's business income was substantial. Since there is substantial, competent evidence to support the trial judge's award, we find no abuse of discretion and accordingly, we affirm the award of permanent alimony. Id. Any substantial change in circumstances which may occur in the future can, of course, be brought to the attention of the court for modification of this award. § 61.14(1), Fla. Stat. (1988).
Similarly, we find no abuse of discretion in the trial judge's award of attorney's fees to the wife. A court may award attorney's fees after consideration of the financial resources of both parties and a finding that one spouse has a superior financial ability to pay the fees. § 61.16, Fla. Stat. (1987); Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982). We find substantial, competent evidence to support the wife's entitlement to recover reasonable attorney's fees in light of the fact that the husband has steady income from the operation of the Rusty Nail bar, while the wife is unemployed and is receiving no income.
We now address the award of lump sum alimony which the court described as "a further equitable distribution of the assets accumulated by the parties." The awarding of lump sum alimony is an appropriate means to ensure an equitable distribution. Canakaris. We think the judge was correct in attempting to achieve a near balance of the parties' marital assets. While equitable distribution does not necessitate equal distribution, it is generally a good starting point. Moore v. Moore, 543 So.2d 252 (Fla. 5th DCA 1989). It is basic that all marital assets be considered in a plan of equitable distribution. Macaluso v. Macaluso, 523 So.2d 615 (Fla. 2d DCA), review denied, 531 So.2d 1354 (Fla. 1988).
We think the trial judge erred in two respects. First, the judgment does not dispose of certain assets discussed during the trial, and second, there is no finding of or agreement as to the value of assets, beyond the Michigan and South Carolina properties, which became the lump sum alimony award. Specifically, the trial judge: (1) did not resolve the husband's claim that the Economy Maintenance business is worth between $30,000 and $50,000 as opposed to the wife's contention that the business had deteriorated because of the husband's neglect and the residual assets were sold for approximately $1,800; (2) did not dispose of the husband's claim that furniture, which was purchased for $20,000 and used in the Michigan home, was sold by the wife for an undisclosed amount of money; (3) made no mention of entitlement to proceeds of a joint savings account which the husband testified included $30,000 or, alternatively, did not adjudicate whether such account had been depleted and was not to be considered as a marital asset; and (4) ascribed no specific value to the Rusty Nail Bar in effectuating distribution and calculating the wife's entitlement to lump sum alimony.
*78 We do not rule on whether the wife may be entitled to an award of lump sum alimony to augment the proceeds she is receiving from the sale of the Michigan residence. However, from the court's final judgment and the absence of findings we cannot adequately review the equitability of the lump sum alimony award made to her for that purpose. See, Tomlinson v. Tomlinson, 536 So.2d 296 (Fla. 1st DCA 1988). Therefore, we find it necessary to remand with directions to the trial court to make specific findings in respect to assets not disposed of by the final judgment and to ascribe values to those assets used to effectuate equitable distribution. While we have not previously nor do we now impose a requirement that the trial judge make specific findings of fact in respect to every equitable distribution, in certain situations, such findings are needed. See, O'Leesky v. Liggett, 544 So.2d 268 (Fla. 2d DCA 1989); Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988).[2]
We affirm the trial court's award of permanent alimony and its retention of jurisdiction to consider an award of costs and attorney's fees to the wife. We also affirm the portions of the appealed judgment awarding various properties to the parties. We vacate the award of lump sum alimony to the wife. On remand, the trial court shall enter specific findings of fact as to the values of the various properties previously awarded and shall determine whether any value should be assigned to assets the husband claims were not considered in the equitable distribution. In making such findings, the court may, in its discretion, receive additional evidence bearing on these issues. Based upon these factual findings, the trial court shall determine the propriety of an award of lump sum alimony and if awarded, the amount and terms of payment.
Affirmed in part, reversed in part, and remanded with directions.
FRANK and PARKER, JJ., concur.
NOTES
[1] At oral argument, we were informed that the trial judge, subsequent to entry of the judgment appealed, awarded the wife reasonable attorney's fees which have been paid by the husband.
[2] We note that other courts have addressed the importance of findings with regard to meaningful appellate review of equitable distribution. See, Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987) and Overstreet v. Overstreet, 513 So.2d 1277 (Fla. 5th DCA 1987) (Sharp, J., dissenting). The First District has required explicit findings with respect to disputed facts that form the factual basis on which a trial court undertakes to award equitable distribution. See, Barrs. While the Fourth District generally requests that trial courts make specific findings of fact in non-jury matters, see, Federal Property Management Corp. v. Richmond Healthcare, Inc., 541 So.2d 757 (Fla. 4th DCA 1989), it apparently only requires such findings where the trial court declines to make provisions for equitable distribution. See, e.g., Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA 1987). In Barrs, the First District certified the following question to the Supreme Court: "Whether the trial court can be required to make explicit written findings regarding disputed issues of fact in awarding equitable distribution of marital assets in a dissolution of marriage proceeding?" The Supreme Court has yet, however, to address this issue.