SHARP, Judge,
dissenting.
The majority holds that the trial court made a finding that there was an equitable distribution of marital assets, and that we must accept this finding as neither side challenges it. However, equitable distribution may encompass more than a distribution of assets. It includes a combination of such remedies as lump sum alimony, permanent periodic alimony, and exclusive use of property.
In the case sub judice, the finding that assets were equitably distributed was contained in a judgment that also awarded the wife permanent, periodic alimony of $4,000.00 per month. Because of the alimony provision and the lack of specific findings of facts as to asset values, I believe we should either affirm in to to or remand to the trial judge to make factual findings. The distribution of marital assets and an award of permanent periodic alimony, inter alia, as remedies in a dissolution proceeding, are parts of an overall scheme that should be reviewed “not piecemeal but as a whole.” (emphasis in original) Thompson v. Thompson, 546 So.2d 99 (Fla. 4th DCA 1989). That is to say, the distribution may be deemed “equitable” because an inequitable distribution of assets was offset by permanent, periodic alimony.
The record here is confused, and could support a minimum valuation of $994,000 in assets awarded to the wife, and a valuation in excess of $1,640,000 in assets to the husband,[1] making the property distribution truly inequitable without the permanent periodic alimony award to counterbalance the asset distribution. These circumstances *212 hamper our view and make it impossible to determine whether the alimony award was justifiable as part of an overall scheme, or an unjustifiable abuse of discretion which must be reversed.
Where a court cannot adequately review a judgment due to the lack of factual findings, an appellate court should either affirm or remand to the trial court with directions to make such findings. Clemson v. Clemson, 546 So.2d 75, 77 (Fla. 2d DCA 1989); Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987); cf., Penmont Enterprises, Inc. v. Dysart, 340 So.2d 1285 (Fla. 3d DCA), cert. denied, 352 So.2d 173 (Fla.1977).
I would therefore either affirm or remand with directions.

. Exclusive of artwork, china and crystal.