567 So.2d 525 (1990)
Margaret Jeanette STRICKLAND, Appellant,
v.
Norman STRICKLAND, Appellee.
No. 89-02530.
District Court of Appeal of Florida, Second District.
September 26, 1990.
*526 Marshall G. Slaughter, Winter Haven, for appellant.
Norman Strickland, pro se.
RYDER, Acting Chief Judge.
Margaret Strickland (wife) challenges the final order of dissolution of marriage based on the ground that she did not receive an equitable share of the marital assets. We reverse because the record accompanying this appeal reflects that the trial judge failed to complete the rulings necessary to accord the parties a true equitable distribution of the marital assets.
This is a marriage of twenty-three years, during which all of the marital assets were acquired. The Florida Supreme Court has recognized that each partner to a marriage is entitled to a fair share of the assets acquired during marriage. While the court is not required to make an equal division, there has to be some logic and justification for the division. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Furthermore, this court has held that in certain situations regarding equitable distribution, the trial court should make findings of fact to support the distribution. See Clemson v. Clemson, 546 So.2d 75 (Fla. 2d DCA 1989). In Clemson, the trial court failed to distribute all the assets that were discussed at trial, and also failed to make any findings supporting the distribution that was made. While this court does not mandate that the trial court make specific findings in every case, it notes that in certain situations, such findings are necessary for proper appellate review. Id. at 78.
In the instant case, the judgment does not provide any findings of fact to support the distribution of marital assets. Additionally, the judgment is silent as to certain assets that were discussed at trial. A review of the record supports the fact the wife has an interest in Strickland's Auto Electric, the two notes receivable, and the GMC truck.
Lastly, we note that the reduction of periodic permanent alimony awarded the wife is unsupported by the record. See Miceli v. Miceli, 533 So.2d 1171 (Fla. 2d DCA 1988). Therefore, we reverse and set aside the equitable distribution and the award of permanent alimony to the wife, and remand for further proceedings and a new order addressing distribution of all the marital assets. Furthermore, we urge the trial court, in its review of the proper division of marital assets, to address the reduction of permanent alimony in accordance with this opinion. As to the remaining portions of the final judgment, we affirm.
Affirmed in part, reversed in part and remanded for further proceedings as directed.
LEHAN, J., and LUTEN, CLAIRE K., Associate Judge, concur.