W. SHARP, Judge,
concurring specially.
While I concur with the result of the per curiam opinion, I do so for different reasons. In addition, I believe this case involves some important issues in the family law area, which the majority opinion fails to address. Before reversing the special equity award, we should also address the “tipsy-coachman rule.”[1] Did the trial court reach a possibly correct result, although for the wrong reason? Could the special equity award of $22,500 be justified on some other ground established by this record? Because I conclude it cannot be, I agree we should reverse and remand.
I. SPECIAL EQUITY
The sole basis for the trial court’s special equity award was the former wife’s personal labor and work efforts she spent on the rental property over a nine-year period (1979 to 1987) until it was sold. The record establishes that she maintained and repaired it: recarpeting; adding a garage; painting; minor repairs and lawn care. She also took the responsibility for handling the various renters and rentals over that period of time. This kind of “sweat-equity” is not the kind of stuff out of which a special equity can be created.[2]
However, the former wife’s work efforts clearly could have contributed to the appreciation in value of the residence, after the residence was put into the parties’ joint names in 1976, through 1987, when it was sold.[3] The former wife testified that the residence appreciated in value by $20,000 over that time period.
Some of that appreciation could have been awarded to the former wife as a marital asset,[4] although I agree an award of all the husband’s share of the net equity in the parties’ marital residence (worth $22,500) was unjustifiable solely on this basis. However, the award could still be affirmed to offset an off-balance split of marital *1091 assets,[5] if we could determine how the marital assets were actually distributed.
II. EQUITABLE DISTRIBUTION OF MARITAL ASSETS
In this case, it is impossible for us to determine whether the trial court abused its discretion in making an inequitable distribution of marital assets, because the trial court made no findings concerning what the marital assets were and did not value those that it designated as marital assets, although the values were much in dispute. The five vehicles awarded to the former husband (which apparently pertained to his business) were not valued, and two other vehicles he obtained were not mentioned. The appreciation in value of the premaritally acquired rental residence and the former husband’s automotive repair business (which produced a net income of $30,000 per year) during the parties’ eleven-year marriage, due to his, her, or their joint work efforts during the marriage, was not determined. The time share awarded to the wife was not valued and the value of the furniture and furnishings in the marital home (awarded to the former wife) was highly disputed, but not resolved by the trial judge.
In such cases, our sister courts have taken the position that the trial court should be required to value the marital assets, based on substantial supporting evidence.[6] Faced with such a record on appeal, it is impossible for an appellate court to say whether or not the distribution of marital assets was equitable, as decreed by the trial judge. It may be fair to the parties within the penumbra of Canakaris.[7] But, we cannot honestly say it was unfair to either party.
One of our options is to simply affirm, and thereby abdicate our responsibility to conduct a meaningful review. A second option is to reverse and remand for specific findings on value. I would opt for the latter course.[8] Although the majority opinion reverses and remands for a reshuffling of the marital-asset deck, without more specific findings below, the same problem for appeal purposes will be recreated.
III. REHABILITATIVE ALIMONY
The trial court awarded the former wife $250 per month in rehabilitative alimony for five years. Here, as in Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983), the former wife was employed, but earning considerably less than the husband. Sub judice, the wife earned $641.34 *1092 (net) per month; her husband’s income was $1,104.33 per month (gross). She could have increased her earnings, if she took a job with Grumman Company, but it would require her to work the night shift, and incur baby-sitting expenses for the parties’ nine year old child. Such a move would cause her to take home less than she was then earning.
The rehabilitative alimony award could be justified on the ground that for the next five years the former wife will be required to earn below her potential while she has the primary care and custody of a young child. Rehabilitative alimony awards are not limited solely to spouses who need short-term support to complete a specific course of study or training.[9] Other life circumstances, such as the necessity of raising a young child, of preparing one’s self in other ways to “weather the storm” of life alone;[10] of recovering “from the trauma of a dissolution”;[11] may justify an award of rehabilitative alimony.
However, each piece of a dissolution judgment is an interrelated part of the whole. See Hamlet v. Hamlet, 583 So.2d 654 (Fla.1991); Noah v. Noah, 491 So.2d 1124, 1128 (Fla.1986); Diffenderfer v. Diffenderfer, 491 So.2d 265, 268 (Fla.1986). On remand, the trial court should reconsider the rehabilitative alimony and attorney-fee awards, in light of the final total award. However, given the disparity in the parties’ earnings and income, and the absence of any liquid assets or income-earning asset awarded to the former wife, I would otherwise have affirmed both awards.[12]

. Taylor v. Orlando Clinic, 555 So.2d 876 (Fla. 5th DCA 1989), rev. denied, 567 So.2d 435 (Fla.1990).

. Shelow v. Shelow, 550 So.2d 43 (Fla. 3d DCA 1989); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988); Keller v. Keller, 521 So.2d 273 (Fla. 5th DCA 1988).

. Hanks v. Hanks, 553 So.2d 340 (Fla. 4th DCA 1989); Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989); Sanders v. Sanders, 547 So.2d 1014 (Fla. 1st DCA 1989); Bowen v. Bowen, 543 So.2d 1284 (Fla. 2d DCA 1989); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988).

. This action was filed on September 30, 1988, one day prior to the effective date of section 61.075, the equitable distribution statute. Section 61.075(3)(a)2 provides that marital assets include the enhancement in value and appreciation of nonmarital assets which results from the expenditure of joint funds or joint work efforts. It codifies preexisting case law. Hanks v. Hanks, 553 So.2d 340 (Fla. 4th DCA 1989); Massis v. Massis, 551 So.2d 587 (Fla. 1st DCA 1989); Harper v. Harper, 546 So.2d 438 (Fla. 2d DCA), rev. denied, 553 So.2d 1165 (Fla.1989); Bowen v. Bowen, 543 So.2d 1284 (Fla. 2d DCA 1989); Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988); Crapps v. Crapps, 501 So.2d 661 (Fla. 1st DCA), rev. denied, 511 So.2d 297 (Fla.1987).

. See Tronconi v. Tronconi, 466 So.2d 203 (Fla.1985).

. See Clemson v. Clemson, 546 So.2d 75, 78 (Fla. 2d DCA 1989); O’Leesky v. Liggett, 544 So.2d 268 (Fla. 2d DCA 1989). See also Carroll v. Carroll, 528 So.2d 931 (Fla. 3d DCA), rev. denied, 538 So.2d 1255 (Fla.1988); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987); Danoff v. Danoff, 501 So.2d 1361 (Fla. 4th DCA 1987). Although not presently applicable to this case, the Legislature recently addressed this problem by amending section 61.075(3) to require identification and valuation of marital assets in a contested dissolution case. However, since this is a procedural matter, this new section would apply if this case were either remanded to the trial court or again challenged on appeal after the effective date. See Lowe v. Price, 437 So.2d 142 (Fla.1983); Cutler v. Pelletier, 507 So.2d 676 (Fla. 4th DCA), rev. denied, 518 So.2d 1277 (Fla.1987).

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).

. In re Marriage of Iverson, 508 So.2d 391 (Fla. 1st DCA 1987) (reverse and remand for reconsideration of marital asset which was not included in final judgment); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987) (trial court should make specific findings regarding equitable distribution of property); Grant v. Grant, 506 So.2d 1152 (Fla. 1st DCA 1987) (all provisions of a judgment were reversed and case was remanded to trial court where it was not clear to what extent the trial court considered the husband’s pension rights in approving property settlement and determining alimony); Gregg v. Gregg, 474 So.2d 262 (Fla. 3d DCA 1985) (whether a note should have been an asset to one party, rather than a marital asset, could not be determined on appeal where final judgment made no disposition thereof and cause should be remanded); Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA), rev. denied, 482 So.2d 347 (Fla.1985) (an equitable distribution award will not be upheld and cannot be said to have been equitably made where valuations of property were improperly made, value of assets were hotly contested, and the trial judge estimated the value of the marital home to be "somewhere ... in the nature of 6 to 800,000 dollars.")

. Agudo v. Agudo, 449 So.2d 909 (Fla. 3d DCA 1984); Hall v. Hall, 363 So.2d 137 (Fla. 2d DCA 1978), cert. denied, 370 So.2d 459 (Fla.1979).

. Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983).

. Abrams, 1 Florida Family Law, § 31.04[1] at 31-13 (1991). See also, McLauchlin v. McLauchlin, 580 So.2d 812 (Fla. 2d DCA 1991).

. Faulk v. Faulk, 532 So.2d 98 (Fla. 1st DCA 1988); Bowers v. Bowers, 497 So.2d 1357 (Fla. 4th DCA 1986).