LEHAN, Chief Judge.
In this dissolution of marriage case the wife appeals the final judgment, contending that the trial court erred in the distribution of the parties’ assets and in the failure to award her permanent periodic alimony. We reverse and remand for further proceedings.
This was a 33-year marriage during which the parties raised six children who are now adults and acquired in their joint names a home which was their only sub *901 stantial asset. The husband, who is retired and 100 percent disabled, receives a total income of $1,680.34 per month. His monthly income sources are $817.00 from social security, $781.34 from a worker’s compensation disability annuity, and $152.00 from a pension. The wife, who during the marriage was primarily a homemaker, earns take home pay of $972.08 per month and is apparently without either the educational background or prior work experience to seek higher paying employment. The record indicates that the wife’s monthly expenses substantially exceed her monthly income while the husband’s monthly income exceeds his expenses by $327.13.
The trial court awarded the marital home, in which there is, according to the husband, an approximately $11,000 equity, and its contents to the husband and denied the wife’s request for alimony.
As this court noted in Strickland v. Strickland, 567 So.2d 525, 526 (Fla. 2d DCA 1990), which also involved a long term marriage,
The Florida Supreme Court has recognized that each partner to a marriage is entitled to a fair share of the assets acquired during marriage. While the court is not required to make an equal division, there has to be some logic and justification for the division.
This court has not held that such logic and justification need necessarily be supported by specific findings in each case. However, in this case, as in Strickland and also in Clemson v. Clemson, 546 So.2d 75 (Fla. 2d DCA 1989), without findings to support the final judgment we are unable to discern a proper basis therefor. In particular, we are unable to discern a proper basis for the wife leaving the marriage with no home, or award therefrom, and apparently no means of adequate support while the husband is to have not only the home and its furnishings and adequate means of support but also a monthly surplus of $327.13 over and above his expenses.
There are no findings of the trial court to support the award of the marital home. Compare Dellavecchia v. Dellavecchia, 547 So.2d 287 (Fla. 2d DCA 1989) (100 percent permanently disabled husband awarded custody of minor children and marital home when 29-year old wife was employable by training and experience as a medical assistant). Nor. were there findings to show whether the worker’s compensation disability annuity, see Weisfeld v. Weisfeld, 545 So.2d 1341 (Fla.1989), or the pension, see Gay v. Gay, 573 So.2d 180 (Fla. 2d DCA 1991), were subject to equitable distribution or, on the other hand, are subject to being taken into account relative to the alimony request. See also Haas v. Haas, 552 So.2d 221, 223-24 (Fla. 2d DCA 1989) (findings may be necessary to permit meaningful appellate review).
Accordingly, we reverse and remand for further proceedings and the entry of a new final judgment supported by findings.
PARKER and PATTERSON, JJ., concur.